IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: )<br>)<br>CARA GAY RADFORD, )<br>TRAVIS GLENN RADFORD )<br>Debtor ) | Case No. 10-13167 |
| )<br>CARA GAY RADFORD, )<br>TRAVIS GLENN RADFORD )<br>Plaintiffs )<br>vs. )<br>)<br>AMERICAN EDUCATION SERVICES, )<br>NATIONAL COLLEGIATE TRUST )<br>CHARTER ONE BANK )<br>Defendant ) | Adv. No. |

## COMPLAINT TO DETERMINE
## DISCHARGEABILITY OF STUDENT LOANS

COMES NOW, the Debtors, Cara Gay Radford and Travis Glenn Radford, by and through their attorney of record, Carl B. Davis of Davis and Jack, L.L.C., and for their complaint against the Defendants, state and allege as follows:

1. The Debtors/Plaintiffs are individuals who filed their Petition for Chapter 7 relief in this Court on September 15, 2010, and have since that day been Debtors and are subject to the jurisdiction of this Court.

2. The debtors obtained an extension of time in which to file their complaint to determine dischargeability in this court. This complaint is timely filed.

3. The Defendant, American Education Services, may be served with Summons at: 1200 N. 7th Street, Harrisburg, PA 17102-1419.

4. The Defendant, National Collegiate Trust, may be served with Summons at 466 Lexinton Avenue, Suite 21, New York, NY 10017-0010.

In the United States Bankruptcy Court
For the District of Kansas
*In re Radford,* Case No. 10-13167 7
Complaint to Determine Dischargeability of Student Loans
Page 2

5. The Defendant, Charter One Bank, may claim some interest in a loan owed to it by debtors and is therefore named as a party defendant. Charter One Bank may be served with Summons at 833 Broadway, Albany, NY 12207.

6. The Debtor, Cara Gay Radford, is the principal debtor on the loans in question and her husband, co-debtor Travis Glenn Radford, may be a cosignor on some or all of the loans.

7. The debtors obtained a series of loans during the time Cara Gay Radford was in college. The loans were either obtained from the named defendants, may be currently held by the named defendants, or the named defendant may claim some interest in the loan.

8. The plaintiffs believe the current balance on the loans in question is $97,406.08 and the loans may be further identified as follows:

    | # | Disb. Date | Orig Bal. |
    |---|---|---|
    | 1 | 08/18/04 | $29,946.52 |
    | 2 | 10/19/05 | $21,390.37 |
    | 3 | 04/12/06 | $8,761.50 |
    | 4 | 06/23/06 | $30,810.93 |

9. The loans obtained by plaintiffs from defendants were not made, insured or guaranteed by a governmental unit.

10. The loans obtained by plaintiffs from defendants were not made under a program funded in whole or in part by a governmental unit or a non profit institution.

11. The loans obtained by plaintiffs from defendants were not an obligation to repay funds received as an educational benefit, scholarship, or stipend.

12. The loans obtained by plaintiffs from defendants were not school certified loans. With

In the United States Bankruptcy Court
For the District of Kansas
*In re Radford,* Case No. 10-13167 7
Complaint to Determine Dischargeability of Student Loans
Page 3

respect to the loans in question, the plaintiff's school did not enforce any limits on the amount of debt incurred by the Debtors with the defendants and the loans were not in any way consistent with the restrictions imposed by 26 U.S.C. §221(d)(1).

13. The loans obtained by debtors from defendants were not disbursed or controlled by the educational institutions financial aid office. Instead, the funds were delivered directly to the plaintiffs and the allowed amounts were not factored into the financial aid award letters received by the plaintiffs from the educational institution.

14. The loans obtained by debtors/plaintiffs from the defendants significantly exceeded the cost of attendance as defined in §542 of the Higher Education Act of 1965 and the debtors educational financial need. The loans at issue herein exceeded the limits permitted by 26 U.S.C. §221(d)(1), or were used for purposes not allowed by 26 U.S.C. §221(d)(1).

15. The loans obtained by debtors/plaintiffs are not "qualified education loans" within the meaning of 11 U.S.C. §523(a)(8)(B), and therefore would be subject to the debtors Chapter 7 discharge.

WHEREFORE, Debtors/Plaintiffs, pray for an Order of the Court determining that the debts owed by debtors to the Defendants are dischargeable in their Chapter 7 bankruptcy and for such other and further relief as the Court deems just and equitable.

In the United States Bankruptcy Court
For the District of Kansas
*In re Radford,* Case No. 10-13167 7
Complaint to Determine Dischargeability of Student Loans
Page 4

Respectfully submitted,

*s/ Carl B. Davis*
Carl B. Davis, #13705
Davis & Jack, L.L.C.
Attorneys for Debtors/Plaintiffs
2121 W. Maple
P.O. Box 12686
Wichita, KS 67277-2686
(316) 945-8251