**SO ORDERED.**

**SIGNED this 13 day of April, 2011.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CARA GAY RADFORD, | ) | Case No. 10-13167 |
| TRAVIS GLENN RADFORD | ) | |
| Debtor | ) | |
| | ) | |
| CARA GAY RADFORD, | ) | |
| TRAVIS GLENN RADFORD | ) | |
| Plaintiffs | ) | Adv. No. 11-5054 |
| vs. | ) | |
| | ) | |
| AMERICAN EDUCATION SERVICES, | ) | |
| NATIONAL COLLEGIATE TRUST | ) | |
| CHARTER ONE BANK | ) | |
| Defendant | ) | |

**AGREED ORDER AND JOURNAL ENTRY OF JUDGMENT RESOLVING**
**COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS**

This matter comes on before the court on the Complaint to Determine Dischargeability of certain Student Loans with National Collegiate Trust. No hearing has been held. The Plaintiffs appear by and through their attorney of record, Carl B. Davis of Davis & Jack, L.L.C. The Defendant, National Collegiate Trust (hereinafter "NCT") appears by and through its attorney,

In the United States Bankruptcy Court for the District of Kansas
*In re Radford*, Case No. 10-13167 7
Agreed Order and Journal Entry of Judgment Resolving Complaint to Determine Dischargeability of Student Loans
Page 2

Terry C. Cupps of Foulston Siefkin LLP. There are no other appearances.

The Court Finds after being duly advised of the premises, as follows:

1. Plaintiffs filed their complaint herein to determine the dischargeability of certain student loan obligations described in their complaint.

2. The Defendant, American Education Services, is only the servicer of the loans owned by NCT, and is dismissed from this adversary complaint. The Defendant, Charter One Bank assigned its full interest in the loans to NCT and is dismissed from this adversary complaint.

3. The Plaintiffs and NCT stipulate and agree as follows:

> The student loans identified in the Complaint are non-dischargeable to the extent of $50,000.00. The debtors will commence making payments by May 10, 2011 on the $50,000.00 at the rate of $250.00 per month, with no interest accruing. In the event of a verifiable job loss or interruption of income, then payments may be deferred at the debtors request for up to 12 months over the life of the loan, but not for more than 6 months consecutively.

4. Judgment should be and is hereby entered in favor of NCT and against Plaintiffs, jointly and severally, for the principal sum of $50,000, which is hereby declared to be nondischargeable, and which shall not bear interest. The remainder of the Plaintiff's indebtedness on the student loans described in the Complaint are hereby discharged.

5. Execution on the Judgment shall be stayed against Plaintiffs, provided Plaintiffs pay to NCT the payments described in paragraph 3 of this Judgment, in accordance with the terms set forth therein, until such time as the sum of $50,000.00 has been paid. All payments must include the WWR# 9091188 and be made payable to and forwarded to: Weltman,

In the United States Bankruptcy Court for the District of Kansas
In re Radford, Case No. 10-13167 7
Agreed Order and Journal Entry of Judgment Resolving Complaint to Determine Dischargeability of
Student Loans
Page 3

Weinberg & Reis Co. L.P.A., P.O Box 5402, Cleveland, Ohio 4410,1 or such other address as NCT may instruct Plaintiffs in writing.

6. If the Plaintiffs fail to timely make any installment payment when due, except as permitted under the circumstances described in paragraph 3 above, NCT reserves the right to accelerate the remaining unpaid balance of this $50,000 Judgment and to collect the remaining unpaid balance according to law. Notwithstanding any other provision of this Judgment, NCT is permitted to file a renewal affidavit or any other instrument or document permitted or required to prevent this Judgment from becoming dormant pursuant to K.S.A. §60-2403 and to revive this Judgment pursuant to K.S.A. §60-2404.

7. The Plaintiff's homestead is legally described as:

Lot 23, Block 2, Cambridge Estates Addition to the City of Wichita, Secgwick County, Kansas,

(the "Homestead"). The parties hereto acknowledge and agree that this Judgment does not attach the Plaintiff's Homestead and is not, and shall not be, a lien on the Plaintiff's Homestead.

NOW, THERFORE, IT IS BY THE COURT ORDERED, ADJUDGED AND DECREED, that the above and foregoing findings constitute, are a part of, and are incorporated herein and the Order of the Court.

IT IS BY THE COURT SO ORDERED.

###

In the United States Bankruptcy Court for the District of Kansas
*In re Radford*, Case No. 10-13167 7
Agreed Order and Journal Entry of Judgment Resolving Complaint to Determine Dischargeability of Student Loans
Page 4

APPROVED:


/s/ Carl B. Davis
Carl B. Davis, #13705
Davis & Jack, L.L.C.
P.O. Box 12686
Wichita, KS 67277-2686
(316) 945-8251
cdavis@davisandjack.com
  *Attorney for the Plaintiffs*


/s/ Terry C. Cupps
Terry C. Cupps, #11299
Foulston Siefkin, LLP
1551 North Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
(316) 291-9504
tcupps@foulston.com
  *Attorneys for National Collegiate Trust*